## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ENVIRON SKIN CARE (PROPRIETARY) LIMITED, AND DERMACARE USA CORPORATION DBA DERMACONCEPTS<br><br>Plaintiff,<br><br>v.<br><br>LEGENDARY ROMAN, INC., LEGENDARY, INC., ROMAN A. SAFONOV, and JOHN DOES 1-5,<br><br>Defendants. | Case No.: _____<br><br>**VERIFIED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs Environ Skin Care (Proprietary) Limited ("Environ") and DermaCare USA Corporation dba DermaConcepts ("DermaConcepts") (collectively, "Plaintiffs"), by and through their attorneys Holland & Knight LLP, for their Complaint against Defendants Legendary Roman, Inc., Legendary, Inc. (collectively, "Legendary"), Roman A. Safonov ("Safonov"), and John Does 1-5 (all of the foregoing defendants, collectively, "Defendants"), allege as follows:.

1.      This is an action for trademark infringement, unfair competition and unjust enrichment under the laws of the United States and the laws of the State of Florida.

## PARTIES

2.      Plaintiff Environ is a South African corporation with a principal place of business at 14 Jan Smuts Road, Beaconvale, Parow, 7500, Cape Town, South Africa.

3.      Plaintiff DermaConcepts is a Massachusetts corporation with a principal place of business at 168 Industrial Drive, Unit 1, Mashpee, Massachusetts 02649,

4.      Defendant Legendary Roman, Inc. is a Florida corporation with a record address of 125 NE 20th Court, Wilton Manors, FL 33305.

5.      Upon information and belief, Defendant Legendary, Inc. is an unincorporated entity with a shipping address of 18061 Biscayne Blvd, Apt. 503 Aventura, FL 33160.

6.      Defendant Safonov is an officer of Legendary Roman, Inc. and, upon information and belief, owns and operates Legendary Roman, Inc. and Legendary, Inc., and is a resident of Florida.

7.      Upon information and belief, Defendants John Does 1-5 are additional companies owned, operated and controlled by Defendant Safonov.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.  Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

9.   This Court has personal jurisdiction over the Defendants because they are incorporated in and/or reside in and/or have continuous and systematic contacts with Florida; and the claims arise from Defendants' contacts with Florida.

10.   Venue is properly placed in this district pursuant to 28 U.S.C. § 1391 because Defendants have committed and intend to continue to commit acts of infringement here.

FACTS

**A.  Plaintiffs' Rights**

11.   Environ is a globally renowned manufacturer of premium, scientifically researched and developed skin care products. Additional information regarding Environ and the science that guides its products is available at Plaintiffs' websites, accessible at environskincare.com and dermaconcepts.com, true and accurate screenshots of selected pages from which are attached hereto as **<u>Exhibit A</u>**.

12.   Environ is the owner of all right, title and interest in and to its ENVIRON trademark (the "ENVIRON Mark"), which, via its exclusive North American distributor and licensee, Plaintiff DermaConcepts, Environ has used in U.S. commerce since at least as early as 1993 in connection with, *inter alia*, premium skin care products and apparatus.

13.   Environ is also the owner of all right, title and interest in and to its Diamond Flower



trademand --                      -- (the "Diamond Flower Mark") which, via DermaConcepts, Environ has used in U.S. commerce since at least as early as 2010 in connection with, *inter alia*,

skin care apparatus and instruments, and since at least as early as 2012 in connection with, *inter alia*, premium skin care products.

14.     Environ is the owner of all right, title and interest in and to its IONZYME mark, which, via DermaConcepts and prior licensees, it has used in U.S. commerce since at least as early as 2000 in connection with, *inter alia*, iontophoresis and sonophoresis machines for providing skin care, and since at least as early as 1998 in connection with, *inter alia*, premium skin care products.

15.     Environ is the owner of all right, title and interest in and to its AVST mark, which, via DermaConcepts, it has used in U.S. commerce since at least as early as 2008 in connection with, *inter alia*, premium skin care products.

16.     Environ is the owner of all right, title and interest in and to its C-BOOST mark, which, via DermaConcepts and prior licensees, it has used in U.S. commerce since at least as early as 2001 in connection with, *inter alia*, premium skin care products.

17.     Environ is the owner of all right, title and interest in and to its DERMA-LAC mark, which, via DermaConcepts and prior licensees, it has used in U.S. commerce since at least as early as 1994 in connection with, *inter alia*, premium skin lotions.

18.     Environ is the owner of all right, title and interest in and to its ESSENTIA mark, and ESSENTIA-formative composite marks (e.g., SKIN ESSENTIA, and YOUTH ESSENTIA; collectively, the "ESSENTIA MARKS"), which, via DermaConcepts and prior licensees, it has used in U.S. commerce since at least as early as 1994 in connection with, *inter alia*, premium skin care products.

19.     Environ is the owner of all right, title and interest in and to its ROLL-CIT mark, which, via DermaConcepts, it has used in U.S. commerce since at least as early as 2008 in connection with, *inter alia*, surgical and medical skin-care apparatus.

20.    Environ is the owner of all right, title and interest in and to its VITAMIN STEP UP SYSTEM word and design marks, which, via DermaConcepts and prior licensees, it has used in U.S. commerce since at least as early as 2016 in connection with, *inter alia*, premium skin care products.

21.    Environ is the owner of all right, title and interest in and to its RAD mark, which, via DermaConcepts and prior licensees, it has used in U.S. commerce since at least as early as 2019 in connection with, *inter alia*, premium skin care products.

22.    Environ is the owner of all right, title and interest in and to its FOCUS CARE marks, including in conjunction with the elements, MOISTURE+, COMFORT+, YOUTH+, CLARITY+, and RADIANCE+, which marks, via DermaConcepts and prior licensees, Environ has used in U.S. commerce since at least as early as 2017 in connection with, *inter alia*, premium skin care products.

23.    The marks referenced in paragraphs 12 through 22 are hereinafter referred to as the "Environ Marks."

24.    As a result of Plaintiffs' widespread use, advertising, and promotion of the Environ Marks, in connection with premium skin care products and apparatus, as well as goods and services related thereto ("Environ's Premium Skin Care Products"), the Marks have become distinctive indicators of the origin of Plaintiffs' goods and services, have acquired a favorable reputation among relevant members of the purchasing public and have become valuable symbols of Plaintiffs' goodwill.

25.    As a result of Plaintiffs' widespread use, advertising, and promotion of the Environ Marks, in connection with Environ's Premium Skin Care Products, Plaintiffs have a strong commercial interest in the Environ Marks.

26.     Environ is the owner of the following incontestable federal registrations for the Environ Marks (the "Incontestable Registrations"):

| Mark | RN | Goods | Reg. Date |
|---|---|---|---|
|  | 4461232 | Class 3<br>Non-medicated skin care preparations, namely, gels, creams and lotions; anti-aging creams, sunscreen creams, moisturizing creams, bleaching preparations for cosmetic purposes, skin cleansers; herbal extract sold as a component of cosmetics<br><br>Class 10<br>instruments, namely, medical and surgical needling instruments which assist with increased penetration of active ingredients in topically applied creams; instruments, namely, medical and surgical needling instruments which assist in collagen induction therapy for medical purposes | Jan 7 2014 |
| ESSENTIA | 4356111 | Class 3<br>essential oils, cosmetics | June 25 2013 |
| DERMA-LAC | 4004887 | Class 3<br>Lotions for use on human skin, especially sun damaged or congested skin to assist in softening and smoothing the skin | Aug 2 2011 |
| C-BOOST | 2794710 | Class 3<br>non-medicated skin care and skin treatment preparations, excluding sun tanning lotions, creams and oils | Dec 16 2003 |
| IONZYME | 2744826 | Class 3<br>skin care products for use on the face and body, namely, gels, masks, creams and lotions | July 29 2003 |
| ENVIRON | 3725003 | Class 3<br>Non-medicated skin care preparations, namely, gels and creams, lotions, anti-aging creams, sunscreen creams, moisturizing creams, skin cleansers | Dec 15 2009 |
| ENVIRON | 3725004 | Class 10<br>Apparatus for cosmetic and medical skin treatments, namely, needling instruments | Dec 15 2009 |

| Mark | RN | Goods | Reg. Date |
|---|---|---|---|
| AVST | 3723196 | Class 3<br>Non-medicated skin preparations, namely, moisturizers, moisture gels for face, creams for face, body and hands | Dec 8 2009 |
|  | 2904076 | Class 3<br>skin soaps, essential oils for personal use; cosmetics and hair lotions | Nov 23 2004 |
| IONZYME | 2740960 | Class 10<br>iontophoresis and sonophoresis machines for providing skin care, namely for enhancing absorption of skin preparation into the skin | July 29 2003 |

27.     Environ is the owner of the following federal registrations for the Environ Marks:

| Mark | RN | Goods | Reg. Date |
|---|---|---|---|
| FOCUS CARE RADIANCE+ | 5716000 | Class 3<br>Soaps; perfumery, essential oils, cosmetics, hair lotions; dentifrices; non-medicated skin care preparations; non-medicated skin care treatments | Apr 2 2019 |
| ENVIRON | 5675663 | Class 3<br>Cosmetics, namely, foundation creams and facial concealers | Feb 12 2019 |
| FOCUS CARE CLARITY+ | 5633604 | Class 3<br>Essential oils for personal use, cosmetics, non-medicated skin care preparations; non-medicated skin care treatments | Dec 18 2018 |
| FOCUS CARE YOUTH+ | 5476248 | Class 3<br>Non-medicated skin care preparations; non-medicated skin care treatments | May 22 2018 |
| FOCUS CARE COMFORT+ | 5476249 | Class 3<br>Non-medicated skin care preparations; non-medicated skin care treatments | May 22 2018 |
| FOCUS CARE MOISTURE+ | 5476247 | Class 3<br>Non-medicated skin care preparations; non-medicated skin care treatments | May 22 2018 |

| Mark | RN | Goods | Reg. Date |
|------|-----|-------|-----------|
| ROLL-CIT | 5455078 | Class 8<br>Manual hand-held needling apparatus to enhance the penetration of non-medical skin care preparations into the stratum corneum | Apr 24 2018 |
| RAD | 5769931 | Class 3<br>Soaps; perfumery, essential oils, cosmetics, hair lotions; dentifrices | June 4 2019 |
| VITAMIN STEP-UP SYSTEM | 5192116 | Class 3<br>Non-medicated skin care preparations and cosmetics containing vitamins | Apr 25 2017 |
| ROLL-CIT | 5182078 | Class 10<br>Surgical and medical apparatus and instruments for dermatological uses; dermatological instruments which assist with increased penetration of active ingredients in topically applied creams | Apr 11 2017 |

28.     The registrations referenced in Paragraphs 26 through 27 (collectively, the "Environ Registrations") are valid and subsisting. Documents downloaded from the U.S. Patent and Trademark Office Trademark Status & Document Retrieval database reflecting the current status and ownership of the Registrations are attached hereto as **Exhibit B**.

29.     The Environ Registrations provide evidence of Environ's ownership of the subject Environ Marks, of the validity of the subject Environ Marks, and of Environ's exclusive right to use the subject Environ Marks in U.S. commerce in connection with the goods and services identified in the Registrations.

30.     The Incontestable Registrations provide conclusive evidence of Environ's ownership of the subject Environ Marks, of the validity of the subject Environ Marks, and of Environ's exclusive right to use the subject Environ Marks in U.S. commerce in connection with the goods and services identified in the Incontestable Registrations.

**B. Plaintiffs' Quality Controls**

31.     Environ's Premium Skin Care Products contain active ingredients, including Vitamin A.

32.     The active ingredients are sensitive to light, temperature and other environmental factors.

33.     Additionally, the potency of the active ingredients is such that administration of the wrong product can lead to severe skin reactions, ineffective results, or other adverse effects.

34.     Not all of Environ's premium skin care products are offered for sale in the U.S.

35.     Due to the sensitivity and the potency of Environ's Premium Skin Care Products, Plaintiffs have established and adhere to an array of quality controls in connection with Environ's Premium Skin Care Products, including with respect to shipping, storage, training and sales.

36.     Plaintiffs have established and adhere to quality controls under which Environ's Premium Skin Care Products must be stored in an environment not exceeding certain temperature or humidity levels, and shipped in primary packaging that protects Environ's Premium Skin Care Products from heat, light and air.

37.     Environ also places expiration dates on outside packaging and the products itself, to indicated the freshness of its products, which have relatively short shelf lives.

38.     Environ's short shelf-life Premium Skin Care Products are manufactured once a month and shipped immediately and directly to DermaConcepts.

39.     The only entities authorized to sell Environ's Premium Skin Care Products are trained Environ Skin Care Professionals, also referred to as "stockists".

40.     Environ Skin Care Professionals include physicians, nurses, physician assistants and estheticians, as well as medically affiliated spas. A true and accurate copy of a blog post on

the DermaConcepts website regarding the qualifications for Environ stockists is attached hereto as **Exhibit C** ("Environ Skin Care products are only sold by physicians, medspas, and professionals with a medical affiliation and Environ Skin Care is not sold online. … Our stockists are dermatologists, plastic surgeons, estheticians, and medspa owners specializing in results-driven skin care.").

41. Plaintiff DermaConcepts offers regularly scheduled training programs, from one to three day programs, to introduce Environ's Premium Skin Care Products to professional skin care practitioners, and to provide intensive product knowledge to new Environ Skin Care Professionals. An overview of some of DermaConcepts education and training offerings is available on DermaConcepts' website, at https://dermaconcepts.com/pages/education-and-training, a true and accurate screenshot of which is attached here to as **Exhibit D**. A representative listing of some of DermaConcepts trainings offered in the calendar year 2020 is available at https://dermaconcepts.com/pages/upcoming-trainings-non-stockist, a true and accurate screenshot of which is attached hereto as **Exhibit E**.

42.   Proof of satisfactory completion of product training exams is required under DermaConcepts policy for stockists to obtain and maintain authorization to sell Environ's Premium Skin Care Products.

43.   For in-person and phone order sales, DermaConcepts policy requires that only Environ-trained skin care staff may provide customer service or accept orders for Environ's Premium Skin Care Products.

44.   DermaConcepts policy also prohibits advertised discounting of Environ's Premium Skin Care Products.

45.     DermaConcepts policy also limits the descriptions and images that authorized stockists may post to their websites in connection with Environ's Premium Skin Care Products to official Environ descriptions and images.

46.     DermaConcepts policy conditions stockists' authorization to sell Environ's Premium Skin Care Products on strict adherence to its quality controls, and DermaConcepts routinely removes stockists for failure to adhere to Plaintiffs' policies and procedures.

47.     A true and accurate copy of DermaConcepts' longstanding and current "online sales and internet" policy is attached hereto as **Exhibit F**.

48.     Prior to the COVID-19 global pandemic, with the except of two "grandfathered" stockists in the United States, Plaintiffs prohibited online sales of Environ's Premium Skin Care Products.

49.     Environ does not sell its Premium Skin Care Products online, and advises on its website that "we do not have any authorized online shops selling our products." A true and accurate copy of the "Skin Care Professionals" page from Environ's website, clearly stating its policy regarding unauthorized online sales, is attached hereto as **Exhibit G**.

50.     DermaConcepts policy mandates that orders for Environ's Premium Skin Care Products can only be accepted after a trained Environ Skin Care Professional has personally spoken with the client to ensure they receive the proper products.

51.     DermaConcepts policy requires that Environ's Premium Skin Care Products cannot be dispensed without individual, professional consultation by a trained Environ stockist.

52.     Under the circumstances of the COVID-19 global pandemic, the economic viability and safety of Environ stockists requires that online sales of Environ's Premium Skin Care Products be permitted.

53.     DermaConcepts may accordingly revise its policies and procedures to allow for online sales of Environ's Premium Skin Care Products to registered customers of Environ Skin Care Professionals under certain circumstances.

**Defendants' Unauthorized Use**

54.     Despite lack of authorization to do so, Defendants sell skin care products under the Environ Marks via Amazon.com ("Amazon"). Defendants' Amazon "storefront" is accessible at: https://www.amazon.com/s?me=A1U446ORNUAU3Y&marketplaceID=ATVPDKIKX0DER. True and accurate screenshots reflecting representative examples of Defendants' unauthorized use of the Environ Marks is attached hereto as **Exhibit H**.

55.     Defendants promote the products they sell under the Environ Marks as "new," implying, per Amazon's Marketplace Items Condition Guidelines, that such products carry a manufacturer's warranty, when in fact no such warranty attaches. Attached hereto as **Exhibit I** are true and accurate screenshots reflecting representative examples of such promotion by Defendants, along with a true and accurate screenshot of Amazon's Marketplace Items Condition Guidelines.

56.     Plaintiffs are not affiliated or associated with Defendants.

57.     Plaintiffs have not authorized Defendants to use the Environ Marks or to sell Environ's Premium Skin Care Products.

**Defendants' Interference with Quality Controls**

58.     Defendants' unauthorized sales of skin care products under the Environ Marks directly interfere with the controls established by Plaintiffs to ensure the quality of the products sold to consumers under the Environ Marks.

59.     Upon information and belief, Defendants do not store or ship the skin care products that Defendants sell under the Environ Marks in shipping packaging that protects the products from air, heat and light, or otherwise safeguards the potency and freshness of the offered products.

60.     Defendants are not trained Environ Skin Care Professionals or authorized stockists.

61.     Upon information and belief, Defendants have not completed DermaConcepts' product training exams.

62.     Upon information and belief, Defendants do not provide individual, professional consultation to its customers in connection with its sales of skin care products under the Environ Marks to ensure against the severe skin reactions or other adverse effects that may result from administration of the wrong skin care product.

63.     Defendants do not limit their unauthorized sales of skin care products under the Environ Marks to registered consumers.

64.     Defendants employ unauthorized images in connection with its unauthorized sales of skin care products under the Environ Marks.

65.     Upon information and belief, consumers, believing that Defendants were associated with Plaintiffs, have voiced complaints regarding negative experiences resulting from the purchase of ENVIRON-branded products from Defendants.

**Material Differences**

66.     The products sold without authorization by Defendants under the Environ Marks materially differ from the premium skin care products authorized for sale by Plaintiffs.

67.     Defendants falsely hold out their alleged ENVIRON skin care products as new, when Defendants are not authorized to do so.

68.     By selling ENVIRON products marked as "new," Defendants falsely imply the products include manufacturers' warranties, when no such warranties are actually included.

69.     Defendants sell products in the U.S. under the Environ Marks at different prices than such products are authorized for sale and sold by Plaintiffs in the U.S.

70.     Upon information and belief, Defendants ship products bearing the Environ Marks to U.S. consumers in shipping packaging that fails to protect the products from light, heat, air and/or other environmental conditions, resulting in damage to the products.

71.     Plaintiffs, in writing, have explained to Defendants the nature of its complaint and demanded that Defendants cease their unauthorized use of the Environ Marks and interference with Plaintiffs' quality control measures, and stop their false representations. Defendants agreed to cease and deist, but Defendants then resumed and have persisted and continue to persist in such infringing and violative activities. Attached hereto as **Exhibit J** is a true and accurate copy of a demand letter sent to Defendants, dated May 21, 2020. Defendants responded, in correspondence dated June 1, 2020, that they would immediately cease use. A true and accurate copy of the response is attached hereto as **Exhibit K**. After Defendants resumed and persisted in its unauthorized use, Plaintiffs, in correspondence dated July 6, 2020 and July 25, 2020, contacted Defendants again, demanding that its unauthorized use immediately cease. A true and accurate copy of the July 2020 correspondence is attached hereto as **Exhibit L**. Defendants did not respond.

72.     Upon information and belief, Defendants have sold and/or offered to sell and continue to sell and/or offer to sell their infringing products to residents of Florida.

73.     Upon learning of Defendants' unauthorized acts, Plaintiffs engaged Holland & Knight LLP and agreed to pay its reasonable fees and costs in connection with enforcement of Plaintiffs' trademark rights.

74.     As a result of Defendants' unauthorized acts, Plaintiffs have suffered damages in an amount to be determined at trial, but no less than $1,000,000.

75.     As a result of Defendants' actions complained of herein, Plaintiffs have suffered irreparable harm, for which there exists no adequate remedy at law.

**COUNT I :**
**TRADEMARK INFRINGEMENT**
**OF FEDERALLY REGISTERED TRADEMARKS**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1051 *et seq.* ("Environ Registrations")**

76.     Plaintiffs re-allege and incorporate paragraphs 1 through 75 as if fully set forth herein.

77.     Plaintiff Environ owns the Environ Registrations.

78.     Plaintiff is the exclusive U.S. distributor of Environ's Premium Skin Care Products and the exclusive U.S. licensee of the Environ Marks subject of the Environ Registration.

79.     Defendants' use of the federally registered Environ Marks and marks confusingly similar thereto in connection with skin care goods and related services is without Plaintiffs' approval or authorization.

80.     Defendants are using the federally registered Environ Marks, and marks confusingly similar thereto, in connection with skin care goods and related services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods and services.

81.     Moreover, Defendants' conduct has caused and will continue to cause confusion among the general public as to the source of Plaintiffs' goods and services and will cause irreparable and immediate injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

82.     Plaintiffs have established and maintained legitimate, substantial and nonpretextual procedures to control the quality of the products offered under the federally registered Environ Marks.

83.     Plaintiffs dutifully abide by these quality control procedures.

84.     Defendants' failure to conform to these procedures diminishes the value of the federally registered Environ Marks.

85.     Upon information and belief, Defendants' acts and omissions complained of herein are and were intentional, wanton, willful, and committed in bad faith and with the intent to confuse and deceive the public.

86.     Based on the foregoing, Defendants are liable to Plaintiffs for trademark infringement under 15 U.S.C. § 1114.

**COUNT II:**
**UNFAIR COMPETITION IN THE FORM OF FALSE ADVERTISING**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)**

87.     Plaintiffs incorporate by reference the allegations set forth in prior paragraphs 1 through 75 as if fully set forth herein.

88.     Defendants' false statements regarding the nature of the goods it sells and its relationship with Plaintiffs constitute unfair competition in the form of false advertising

89.      Upon information and belief, Defendants' acts and omissions complained of herein are and were intentional, wanton, willful, and committed in bad faith and with the intent to confuse and deceive the public.

90.     Based on the foregoing, Defendants are liable to Plaintiffs under the Federal Trademark Statute's unfair competition provisions, 15 U.S.C. § 1125(a)(1).

**COUNT III:**
**VIOLATION OF FLORIDA DECEPTIVE**
**AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")**
**FLA. STAT. § 501.201 ET SEQ.**

91.     Plaintiffs incorporate by reference the allegations set forth in prior paragraphs 1 through 75 as if fully set forth herein.

92.     Defendants' wrongful acts – of interfering with Plaintiffs' quality control of its Premium Skincare Products, and of promoting such products as "new," when in fact the products offered by Defendants are materially different, in that they, *inter alia*, are not accompanied by a manufacturer's warranty – violated FDUTPA in that said acts:

> (a) were intentionally calculated to deceive consumers into thinking that there is a connection with Plaintiffs for the purpose of promoting its own product;

> (b) cause and have caused and are likely to continue to cause confusion, mistake, or deception in the mind of the public;

> (c) damage and will continue to damage Plaintiffs' goodwill in that Plaintiffs do not have control over Defendants' operation.

93.     Defendants' wrongful acts have greatly and irreparably damaged Plaintiffs and will continue to greatly and irreparably damage Plaintiffs unless enjoined by this Court.  Accordingly, Plaintiff has no adequate remedy at law.

**COUNT IV:**
**FLORIDA COMMON LAW TRADEMARK INFRINGEMENT**

94.     Plaintiffs incorporates by reference the allegations set forth in prior paragraphs 1 through 75  as if fully set forth herein.

95.     Plaintiffs are the owners of the Environ Marks and have the right to control and exclude others from using such marks.

96.     Defendants' use of the Environ Marks and marks confusingly similar thereto in connection with skin care goods and related services is without Plaintiffs' approval or authorization.

97.     Defendants are using the Environ Marks, and marks confusingly similar thereto, in connection with skin care goods and related services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods and services.

98.     Moreover, Defendants' conduct has caused and will continue to cause confusion among the general public as to the source of Plaintiffs' goods and services and will cause irreparable and immediate injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

99.     Upon information and belief, Defendants' acts and omissions complained of herein are and were intentional, wanton, willful, and committed in bad faith and with the intent to confuse and deceive the public.

100.     Based on the foregoing, Defendants are liable to Plaintiffs for trademark infringement under Florida common law.

## COUNT V:
## UNJUST ENRICHMENT

101.     Plaintiffs incorporates by reference the allegations set forth in prior paragraphs 1 through 75 as if fully set forth herein.

102.     Defendants have falsely advertised its offerings to the commercial benefit of Defendants and enrichment without compensation to Plaintiffs by, *inter alia*, promoting its offerings as "new," when in fact the offerings are not accompanied by any manufacturer's warranty. As a result, Defendants have unjustly profited from the goodwill and reputation associated with Environ's Premium Skin Care Products.

103. Plaintiffs have provided a benefit to Defendants by creating and skillfully promoting consumer products to the public in the form of Environ's Premium Skin Care Products.

104. Defendants have taken that benefit for their own monetary gain.

105. Because Plaintiffs have expended a large amount of time and resources to create successful products, and because Defendants have profited from the sale of products despite being unauthorized to use the Environ Marks, and because Defendants have promoted the products as "new," when in fact they are not, it would be unjust for Defendants to retain the benefit that Plaintiffs' efforts have provided.

106. Accordingly, Plaintiff seeks a full accounting and recovery from Defendants for the benefits and profits Defendants have unjustly received and the disgorgement of any such profit realized by Defendants as a result of its tortious and unlawful acts in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

1. That Defendants and their officers, directors, agents, owners, employees, representatives, attorneys, and all others acting under or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from:

   a. infringing Plaintiffs' rights to the Environ Marks; using the Environ Marks or any colorable imitation thereof on any product or product container or on defendants' websites, social media sites, sellers' pages on third-party websites, letterhead, signage, advertising, or promotional material, either in

       print or broadcast or electronic form or other forms either separately or compositely with other words, symbols or devices, as a corporate or trading name or as a trademark, in connection with, *inter alia*, goods and services in the field of skin care;

b.    in any manner imitating the Environ Marks for the purpose of acquiring Plaintiffs' trade and goodwill by imitation, fraud, mistake or deception; and

c.    unfairly competing with Plaintiff in any manner whatsoever.

2.    An order holding that Defendants' activities complained of herein constitute federal trademark infringement; federal unfair competition, false representation, and false designation of origin; violations of FDUTPA; and unjust enrichment under Florida law.

3.    An order directing Defendants to file with this Court and to serve on Plaintiffs within thirty (30) days after service of the injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and any further orders of this Court.

4.    That Defendants and their agents, employees, representatives, and all others acting under their direction or control or in concert with them, or any of them, be ordered to immediately deliver up for destruction all product, labels, packaging, containers, tags, advertising materials, catalogs, promotional material, flyers, signs, disks, tapes and any and all other materials which bear Plaintiffs' Environ Marks or any colorable imitation thereof, or any other designation which contains or consists of the any of Plaintiffs' Environ Marks.

5.   An accounting of Defendants' unjust revenue and profits as a result of its unlawful acts.

6.   Joint and several liability for damages and a trebling of same, profits, and costs of suit, pursuant to 15 U.S.C. § 1117(a).

7.   An award of attorneys' fees under Florida law, Fla. Stat. §57.105, and, due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a).

8.   Any other relief as the Court may deem proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff Janome demands a trial by jury on all issues so triable.

Respectfully submitted,

**ENVIRON SKIN CARE (PTY) LIMITED**
**AND**
**DERMACARE USA CORPORATION**
**DBA DERMACONCEPTS**

Dated: October 6, 2020                    Respectfully submitted,

By:   _s/Matthew Zimmerman_____
Matthew Zimmerman
HOLLAND & KNIGHT LLP
777 South Flagler Drive
Suite 1900, West Tower
West Palm Beach, FL 33401
matthew.zimmerman@hklaw.com 561.650.8365

Thomas W. Brooke
Daniel C. Neustadt
***Pro Hac Vice Motions Forthcoming***
HOLLAND & KNIGHT LLP
800 17th Street, NW, Suite 1100
Washington, D.C. 20006
thomas.brooke@hklaw.com  202.663.7271
dan.neustadt@hklw.com  202.469.5163

21

Philip E. Rothschild, Esq.
Florida Bar No. 0088536
Phil.rothschild@hklaw.com
HOLLAND & KNIGHT LLP
515 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL  33301
Telephone:  (954) 468-7881
Facsimile:  (954) 463-2030

***Attorneys for Plaintiffs***

**VERIFICATION**

I, Val Carstens, am the Chief Executive Officer of Plaintiff Environ Skin Care (Proprietary) Limited. I have read this complaint and hereby verify, under penalty of perjury under the laws of the United States of America, that the contents are true and correct to the best of my knowledge, information, and belief.

Date:   16 September, 2020                    _____

Val Carstens

I, Rob Trow, am the Owner and Chief Executive Officer of Plaintiff DermaCare USA Corporation, dba Derma Concepts. I have read this complaint and hereby verify, under penalty of perjury, that the contents are true and correct to the best of my knowledge, information, and belief.

Date:  _____          _____

Rob Trow

22

## VERIFICATION

I, Val Carstens, am the Chief Executive Officer of Plaintiff Environ Skin Care (Proprietary) Limited. I have read this complaint and hereby verify, under penalty of perjury under the laws of the United States of America, that the contents are true and correct to the best of my knowledge, information, and belief.

Date: _____    _____
                                                        Val Carstens

I, Rob Trow, am the Owner and Chief Executive Officer of Plaintiff DermaCare USA Corporation, dba Derma Concepts. I have read this complaint and hereby verify, under penalty of perjury, that the contents are true and correct to the best of my knowledge, information, and belief.

Date: _9/16/2020_____    _____
                                                        Rob Trow

23